UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
**Honorable A. Bruce Campbell**

In re:                                              )
                                                    )
DONALD HARRY ALLEN,                                 )     Case No. 12-24413  ABC
                                                    )     Chapter 7
          Debtors.                                  )
_____ )

ORDER DENYING TRUSTEE'S OBJECTION TO EXEMPTIONS CLAIMED IN DEBTOR'S
AMENDED SCHEDULE C

      This matter is before the Court on the Chapter 7 Trustee's Objection to the Debtor's Amended Schedule C of Property Claimed as Exempt Filed on February 27, 2013 at Docket No. 150 ("Objection"). The Trustee gave Notice of the Objection pursuant to L.B.R. 9013-1.1 and no objections or responses were filed. The Court has reviewed the Objection and finds, for the reasons stated below, that it does not state sufficient grounds to deny the exemptions claimed by Debtor in his Amended Schedule C, filed on February 27, 2013.

      Trustee has cited one case for the proposition that an exemption may be denied if the debtor has demonstrated bad faith in claiming the exemption. Most cases where bad faith has formed the basis for denial of an objection involve a debtor who intentionally fails to list an asset on his or her schedules, and then, when the asset is discovered, or when listing the asset becomes necessary for the debtor to recover on a claim, amends schedules to list the asset and claim it as exempt. See, *e.g.*, *In re Ford*, 492 F.3d 1148 (10th Cir. 2007). The Tenth Circuit has also found bad faith sufficient to deny an amended claim of exemption in a case presenting judicial estoppel-like circumstances. *In re Calder*, 973 F.2d 862 (10th Cir. 1992)(debtor delayed in claiming exemption for over two years, during which time trustee litigated in reliance on debtor's position that property was not property of the estate).

      Here there is no allegation that Debtor intentionally failed to list the assets he claims exempt in his Amended Schedule C, that he concealed their existence, or that the Trustee relied on Debtor's earlier inconsistent litigation position. The Trustee alleges only that Debtor has failed to cooperate in turning over or accounting for the non-exempt value of these assets, and that he has failed to comply with the Court's order for turnover. Trustee has not cited a case, nor is the Court aware of one, that denies a claimed exemption for bad faith in such a situation. The Bankruptcy Code provides that a debtor risks the ultimate penalty – denial or revocation of discharge – as a means of coercing debtors' compliance with turnover orders. Additionally, trustees may obtain a judgment for the value of property not turned over, see, *Hill v. Muniz (In re Muniz),* 320 B.R. 697, 700 n.2 (Bankr. D. Colo. 2005), and may utilize judgment collection remedies to recover the value of the assets for the benefit of creditors from the debtor's post-petition non-exempt property. Given that these options exist, the Court finds it unnecessary to extend the principal of the *Ford* and *Calder* cases in order to create an additional remedy for the Trustee. Accordingly, it is

ORDERED that the Trustee's Objection is denied..

DATED: May 14, 2013        BY THE COURT:

A. Bruce Campbell
United States Bankruptcy Judge